**James A. SCHULTZ,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES,**
**Defendant–Appellee.**

**No. 90–5065.**

United States Court of Appeals,
Federal Circuit.

Oct. 31, 1990.

B. Gray Gibbs, P.A., St. Petersburg, Fla., argued, for plaintiff-appellant.

Joan I. Oppenheimer, Tax Div., Dept. of Justice, Washington, D.C., argued, for defendant-appellee. With her on the brief, were Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen and Gilbert S. Rothenberg.

Before MARKEY, NEWMAN and MICHEL, Circuit Judges.

MICHEL, Circuit Judge.

James A. Schultz ("Schultz") appeals that part of the United States Claims Court judgment awarding the government costs as the "prevailing party" under United States Claims Court Rule 54(d) in a suit brought by Schultz for refund of a tax penalty partial payment. The Claims Court

based its decision on the amount of the penalty ultimately held due the government from Schultz, compared to the amount originally assessed. *Schultz v. United States,* 19 Cl.Ct. 280 (1990). We affirm on the different ground that since Schultz had disputed whether he was liable at all, the government did "prevail" once any liability was imposed.

## BACKGROUND

From September through December 1983, Schultz was one of four partners in Chrisandrea, Inc., a now dissolved Florida corporation, created to manage the food and beverage operations of a St. Petersburg hotel. During Chrisandrea's entire period of existence, none of the corporation's four partners collected or paid over to the government employee federal income taxes or Social Security taxes (together "employment taxes"), as required by Section 6672(a) of the Internal Revenue Code of 1954 (26 U.S.C. § 6672(a) (1988)). Although employment taxes were withheld from employees' gross wages, they were never paid over to the government, but were used to satisfy other corporate liabilities.

After Chrisandrea's dissolution, the Internal Revenue Service ("IRS") assessed, jointly and severally, 100–percent penalties under section 6672(a)[1] against at least three of the four partners for Chrisandrea's entire tax liability. One partner, Steven Havrilla, paid the IRS $5,289.56, and the other, Fred Wlenklinski, paid $5,776.88. The fourth partner, Manuel Van Vures, has paid nothing.

Schultz paid the IRS $100 toward the $20,691.38 penalty assessed against him and then filed suit in the Claims Court seeking its refund on the ground that section 6672(a) was not applicable to him. The government counterclaimed for $21,697.07 —the original assessment plus accrued interest.

In the complaint, Schultz alleged that, because he never was under any duty to "collect, truthfully account for, and pay over any tax" such that failure to do so would trigger section 6672(a) liability, the government could not assess a penalty against him arising from Chrisandrea's operations.

The Claims Court found that Schultz was a "responsible person" for the collection of employment taxes during Chrisandrea's entire period of existence and, as such, had willfully failed to collect, account for and pay over the withheld taxes due. As a result, the court held Schultz liable for the entire assessment less $5,776.88 and interest paid by Wlenklinski. The government later accepted $9,624.94 plus accrued interest in complete satisfaction of Schultz's penalty to reflect Havrilla's payment. Accordingly, the court refused any refund.

The Claims Court also awarded costs to the government as the prevailing party, overruling Schultz's Objection to Bill of Costs. Schultz had argued that since the government counterclaimed for $21,697.07 and ultimately accepted $9,624.94 plus interest in complete satisfaction of the penalty, under Rule 54(d) it could not be deemed to have prevailed. The Claims Court rejected Schultz's argument, reasoning that "[a] party will be considered the prevailing party and is entitled to costs even if it does not recover its entire claim." *Schultz v. United States,* No. 68–87T, slip op. at 2 (Cl.Ct. April 19, 1990).

## DISCUSSION

### I.

Rule 54(d) of the United States Claims Court provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." A "prevailing party" " 'typical[ly] ... succeed[s] on any significant issue in litigation which achieves some of the benefits the part[y] sought in bringing suit.' " *Austin v. De-*

---

**1.** To assure collection when a corporate employer does not pay its employment taxes, section 6672(a) imposes personal liability on persons responsible for seeing that the taxes were paid:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall ... be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a) (1988).

*partment of Commerce,* 742 F.2d 1417, 1419 (Fed.Cir.1984) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)) (further citations omitted). Ascertaining the "prevailing party" requires us to "look to the substance of the litigation to determine whether an applicant has *substantially* prevailed in its position, and not merely the technical disposition of the case or motion. In effect, substance should prevail over form." *Devine v. Sutermeister,* 733 F.2d 892, 898 (Fed.Cir.1984) (emphasis in original) (citations omitted).[2]

Schultz argues that the government could not have prevailed in the Claims Court because the amount it ultimately collected from him, $9,624.94 plus accrued interest, was far less than IRS's original assessment and its counterclaim, both of which exceeded $20,000.00. In advancing this argument, Schultz asked the Claims Court, as he now asks us, to focus attention on the amount of the government's *counterclaim,* rather than the issue of liability raised by his complaint. However, as we explain below, the proper analysis should center on the relief sought in the complaint—a judgment that he was owed a complete refund of his partial payment— and whether, in this context, Schultz was

the prevailing party, because, as Schultz suggests, if the government did not prevail completely, or even substantially, he, in some way, must have.

Before this court, Schultz attempts to portray the Claims Court proceeding as simply an action contesting the *amount* of the penalty assessed, rather than his liability for *any* penalty under section 6672(a). However, the allegations in the complaint as well as the position Schultz took before the Claims Court belie his characterization. Schultz's representations were clearly designed to convince the Claims Court that he was not responsible for *any* failure to collect or pay over employment taxes under section 6672(a)[3] and that the *entire* penalty assessed against him was in error, not, as he now argues here, that some penalty may have been appropriate, but not one for $20,691.38. *See generally Hensley,* 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7 (" '[T]he proper focus is whether the plaintiff has been successful on the central issue as exhibited by the fact that he has acquired the primary relief sought.' " (quoting *Taylor v. Sterrett,* 640 F.2d 663, 669 (5th Cir. 1981))).

Consequently, viewing Schultz's suit from the correct vantage point, it is clear

---

**2.** Although both *Devine* and *Austin* defined "prevailing party" under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (1988), the same reasoning applies to costs under Rule 54(d). The EAJA contains no definition of "prevailing party." Instead, per the legislative history, courts are to consult "prior judicial interpretations of the term 'prevailing party' " to determine EAJA awards, *Devine,* 733 F.2d at 897. *Brewer v. American Battle Monuments Comm'n,* 814 F.2d 1564, 1567 n. 1 (Fed.Cir.1987). Clearly, if judicial interpretations of Claims Court Rule 54(d), Federal Rule of Civil Procedure 54(d) (which employs language nearly identical to Rule 54(d)), or other similar statutory provisions may be used to inform the definition of "prevailing party" under the EAJA, then we may rely on EAJA-based applications of the same term for purposes of Rule 54(d). Indeed, the Supreme Court has recognized that the definition of "prevailing party" does not differ from rule-to-rule or statute-to-statute. In *Hensley v. Eckerhart,* a case involving an award under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1988), the Court stated that the "standards set forth in this opinion are generally applicable in all cases" where a "prevail-

ing party" may be entitled to an award. 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7.

**3.** It is clear, both from the complaint and the Claims Court's detailed opinion, that Schultz vigorously contested the IRS's contentions that he was a "responsible person" for the collection and payment of employment taxes to the government and that he "willfully" failed to collect and pay over any withheld taxes. In fact, it was only during the trial that Schultz stipulated that he was a "responsible person," and then only from November 23, 1983, the midpoint of Chrisandrea's existence, until the business wound down on December 23, 1983. He did not, however, concede that he willfully failed to withhold and pay over the taxes during any period.

At oral argument, Schultz's counsel apparently abandoned the argument, also advanced in his brief to this court, that Schultz was not a "responsible person" and that he did not "willfully" violate section 6672(a). Therefore, we do not address these issues, no matter how meritorious they may, or may not, be, except insofar as they bear on whether or not Schultz was the prevailing party.

that the government prevailed for purposes of Rule 54(d) costs. The government proved that Schultz was a "responsible person" under section 6672(a), that he "willfully" failed to collect and pay over the employment taxes, and that he was jointly and severally liable for Chrisandrea's employment tax liability. Schultz prevailed on none of these controlling issues, and therefore was not entitled to the complete refund he sought of the $100 partial payment he had made.

## II.

Assuming, *arguendo*, Schultz's contentions were correct and our focus properly should be on the government's counterclaim for the entire penalty (plus interest) and not on the claim for refund and issue of liability raised in his complaint, our result would not differ.

The IRS was entitled to assess the section 6672(a) penalty jointly and severally against each of the four Chrisandrea partners. *Brown v. United States*, 591 F.2d 1136, 1142 (5th Cir.1979) (rejecting a pro rata approach in favor of joint and several liability under section 6672); *Hartman v. United States*, 538 F.2d 1336, 1340 (8th Cir.1976) (section 6672 authorizes a joint and several penalty). Due to the penalty's joint and several nature, the government, in counterclaiming for the entire penalty against Schultz, need not have, and indeed should not have, decreased the penalty by the amounts assessed against the other partners. To do so could have jeopardized the government's right to demand full payment of the penalty against other partners. *Brown*, 591 F.2d at 1142 (By failing to sue a "responsible person" jointly and severally, the government would "risk that [it] would not be able to recover the total amount owed if some responsible persons were judgment proof or if the number of officers found to be responsible varied from one suit to the next.").

The government was, however, obligated to credit *pro tanto* toward the judgment against Schultz any payments received by the other partners, provided that no refund actions were pending or still fileable

against the funds. To do otherwise would be beyond the discretion of the IRS and contrary to established law. *Gens v. United States*, 615 F.2d 1335, 1339–40, 222 Ct.Cl. 407 (1980) ("Only when the Government's right to retain an administrative collection is established does it become incumbent on the Government to abate, in the amount of the collection, all 100–percent penalty assessments arising from the payroll tax liability." (Footnote omitted.)); *See generally* Keeton, *Prosser & Keeton on the Law of Torts* § 48, at 331 (5th ed.1984) (against party jointly and severally liable, "it is everywhere agreed that the amount received must be credited *pro tanto* against the amount to be collected"). Schultz argues that simply because the government has done just that—credited his partners' payments against the total liability for which he is jointly and severally responsible—he is, *ipso facto*, the prevailing party. Schultz's entreaties to the contrary, the government's acts are not evidence that it did not prevail, but rather are only partial abatements required by law to assure that the government receives only one 100–percent satisfaction of a penalty assessed against more than one party. *Hill, Christopher & Phillips, P.C. v. U.S. Postal Service*, 535 F.Supp. 804, 810 (D.D.C.1982) (section 6672 penalties can be enforced until the government has collected an amount equal to the tax liability, but it is entitled to only one 100–percent recovery). This is simply a protection the law automatically affords such parties, not a springboard for attacks on cost awards under Rule 54(d).

## CONCLUSION

Because the proper analysis should have concentrated on Schultz's requested relief and dispositive issues relating to liability and because the penalty was joint and several in nature, the Claims Court need not have based its decision on whether the amount ultimately collected from Schultz was proportionately large enough in comparison to that assessed to justify awarding the government costs as the "prevailing party." Since we uphold the award of

costs based on its determination of liability, we reach no conclusion on the Claims Court's proportionality ruling. Nevertheless, for the reasons stated above, the judgment of the Claims Court awarding costs is

AFFIRMED.