RADER, Circuit Judge.
 

 The United States Court of Federal Claims awarded damages to Neal & Company, Inc. (NCI) in its suit against the United States for breach of contract.
 
 Neal & Co., Inc. v. United States,
 
 36 Fed. Cl. 600 (1996). NCI appeals the trial court’s decision that each party would bear its own costs and the trial court’s denial of its Motion for Award of Costs. Because the Equal Access to Justice Act (EAJA) vests discretion in the trial court to award costs and NCI has shown no abuse of that discretion, this court affirms.
 

 I.
 

 In 1988 NCI entered into a contract with the United States Coast Guard to build thirty units of family housing at the U.S. Coast Guard Support Center on Kodiak Island, Alaska. Throughout the performance of this contract, NCI and the Coast Guard had many disputes which have been extensively documented in the opinion of the Court of Federal Claims.
 
 See Neal,
 
 36 Fed. Cl. at 606-10. NCI filed suit against the United States in 1993 under the Contract Disputes Act, 41 U.S.C. § 605 (1994), seeking recovery of withheld funds and damages for differing site conditions, delays, and other alleged breaches. The Coast Guard filed counterclaims seeking liquidated damages for NCI’s alleged delays and incomplete or defective work.
 

 Following a three-and-one-half week trial, the Court of Federal Claims rejected the bulk of the Coast Guard’s counterclaims, found for NCI on four of its nine claims, and awarded NCI damages in the amount of $792,143.83.
 
 Neal,
 
 36 Fed. Cl. at 649. The trial court also declared that each side would bear its own costs.
 
 Id.
 
 Despite the trial court’s denial of costs, NCI submitted a Motion for Award of Costs together with a Bill of Costs totaling approximately $90,000. The Court of Federal Claims denied NCI’s claim as an untimely motion for reconsideration. NCI appeals both this denial and the trial court’s original denial of costs.
 

 II.
 

 For reasons discussed in this decision, this court reviews a cost award under an abuse of discretion standard.
 
 See Manildra Milling Corp. v. Ogilvie Mills, Inc.,
 
 76 F.3d 1178, 1180-81 (Fed.Cir.1996);
 
 Syntex Ophthalmics v. Novicky,
 
 795 F.2d 983, 986 (Fed.Cir.1986). Under this standard, this appeals court will not disturb the trial court’s decision on costs unless the appellant shows an abuse of discretion.
 
 See Syntex,
 
 795 F.2d at 986 (citing
 
 Farmer v. Arabian Am. Oil Co.,
 
 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964)). “Such abuses must be unusual and exceptional; we will not merely substitute our judgment for that of the [trial court].”
 
 PPG Indus., Inc. v. Celanese Polymer Specialties Co.,
 
 840 F.2d 1565, 1572 (Fed.Cir.1988) (Bissell J., additional views).
 

 NCI’s claim for costs rests on Rule of the Court of Federal Claims (RCFC) 54(d). This rule provides:
 

 Except when express provision therefor is made
 
 either
 
 in a statute of the United States
 
 or in these rules, costs shall be allowed as a matter of course to the prevailing party in any action not dismissed for lack of subject matter jurisdiction, unless the court otherwise directs; but costs against the United States shall be imposed only to the extent permitted by law.
 

 RCFC 54(d) (emphasis added). This rule almost mirrors the language of the Fed. R.Civ.P. 54(d)(1) to the effect that, in the absence of a governing statute, a prevailing party receives costs as a matter of course. Under its exception clause, however, this rule cannot apply when another statute governs the award of costs. In this case, a statute— the Equal Access to Justice Act — (EAJA)
 
 *685
 
 expressly governs, providing that: “a judgment for costs ... may be awarded to the prevailing party in any civil action brought by or against the United States.” 28 U.S.C. § 2412(a)(1) (1994). Because this appeal arises from a civil action brought by NCI against the United States, EAJA, not RCFC 54, governs the award of costs.
 

 Indeed, because the jurisdiction of the Court of Federal Claims is limited to cases brought against (or crossclaims by) the United States,
 
 see
 
 Frank T. Peartree & Roger L. Nieman,
 
 Handbook on Practice Before the United States Claims Court and the United States Court of Appeals for the Federal Circuit
 
 7 (Hon. Arthur L. Burnett, Sr. ed., Federal Bar Association 1986), RCFC 54(d) would not seem to apply to any case before that court unless 28 U.S.C. § 2412(a) was changed.
 
 *
 
 EAJA governs costs in civil actions brought “by or against the United States”; the jurisdiction of the Court of Federal Claims embraces only civil actions brought against (or counterclaims by) the United States. Therefore, as long as EAJA remains in force, only the introductory exception of RCFC 54(d) would apply to cases before the Court of Federal Claims. With EAJA governing the award of costs in all cases within its jurisdiction, the Court of Federal Claims would not have occasion to apply the “as a matter of course” directions in its rule 54.
 

 Because the language of EAJA quoted above applies to this ease, this court examines as a threshold issue whether NCI is the prevailing party. NCI contends that it prevailed because the trial court awarded damages of almost $800,000. Although agreeing that prevailing party status is a threshold question, the Government takes no position on whether NCI qualifies.
 

 With regard to the standard for qualification as a “prevailing party,” the Supreme Court has abandoned earlier doctrines requiring “case-by-case scrutiny by federal courts into whether plaintiffs prevailed ‘essentially’ on ‘central issues.’ “
 
 Ruckelshaus v. Sierra Club,
 
 463 U.S. 680, 688, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983). Moreover a party may prevail without winning extensive damages.
 
 See Farrar v. Hobby,
 
 506 U.S. 103, 105-107, 113 S.Ct. 566, 569-70, 121 L.Ed.2d 494
 
 (1992)
 
 (a civil rights plaintiff who received nominal damages nevertheless prevailed under 42 U.S.C. § 1988). In
 
 Farrar,
 
 the Court explained that “a plaintiff ‘prevails’ when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant’s behavior in a way that directly benefits the plaintiff.”
 
 Id.
 
 at 111-12, 113 S.Ct. at 573-74.
 

 Applying these principles under EAJA, this court has noted that a party may prevail without winning a complete victory or fully recovering its requested damages.
 
 See Naekel v. Department of Transp.,
 
 884 F.2d 1378, 1379 (Fed.Cir.1989) (Under the theory of apportionment, a contractor who receives only a partial judgment is a “prevailing party” under the EAJA and may recover a pro rata portion of its fees and expenses.). Indeed a partial victory does not preclude an award of costs, though the substantiality of the victory may influence the amount of the award.
 
 Id.
 
 In any event, a party which prevails only in part may nonetheless qualify for an award of costs under EAJA
 

 In this case, NCI qualifies as a prevailing party. Of its total original claim of $6,899,-606, NCI received $792,143 in damages— 11.5% of its claim. While the Government characterizes NCI’s damage award as only minimal success, this court need not delve into the details of the award to determine whether it is “substantial” enough, or meets some undefined level of sufficiency.
 
 See Ruckelshaus,
 
 463 U.S. at 688, 103 S.Ct. at 3279. Because NCI has obtained a sizable damage judgment, it qualifies as a prevailing party. Specifically, NCI prevailed on four of its nine claims, a sufficient realignment of the legal relationship between the parties to qualify NCI as the prevailing party under 28 U.S.C. § 2412(a)(1).
 

 
 *686
 
 This threshold issue, however, only introduces the central issue in this case — whether the Court of Federal Claims abused its discretion under EAJA by declining to award NCI costs. More specifically, this case asks whether the trial court abused its discretion by declining to offer an explanation of its reasons for refusing costs.
 

 Courts following Fed.R.Civ.P. 54(d)(1) have acknowledged in its language a presumption in favor of costs to the prevailing party and an obligation for a trial court to explain its variance from the presumption.
 
 See, e.g., Sun Ship, Inc. v. Lehman,
 
 655 F.2d 1311, 1317 (D.C.Cir.1981) (“[T]he traditional interpretation of rule 54(d) requires that district courts should neither deny nor reduce a prevailing party’s request for costs without first articulating some good reason for doing so. Every circuit court that has analyzed the issue has concluded that the trial court commits reversible error when it denies the prevailing party costs without explanation.”). This interpretation follows easily from the language of the rule: “costs other than attorneys’ fees
 
 shall
 
 be allowed as
 
 of course
 
 to the prevailing party unless the court otherwise directs.” Fed.R.Civ.P. 54(d)(1) (emphasis added). Indeed this appeals court agrees that this language creates a “presumption in Rule 54(d)(1) that costs are to be awarded.”
 
 Manildra,
 
 76 F.3d at 1183. Because the language of Fed.R.Civ.P. 54(d)(1) and that of RCFC 54(d) are almost identical, the presumption under Fed.R.Civ.P. 54(d)(1) could conceivably apply to RCFC 54(d).
 

 However, as already noted, RCFC 54(d), and hence any interpretations of it, do not apply in this case, because EAJA governs. This court next examines whether EAJA creates a similar presumption in favor of an award of costs. In the event EAJA erects such a presumption, a trial court would conceivably have an obligation to explain any deviation from that norm.
 

 EAJA provides:
 

 [A] judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States ... in any court having jurisdiction of such action.
 

 28 U.S.C. § 2412(a)(1). This statutory language differs markedly from the language of RCFC 54. Three textual features of EAJA distinguish it from RCFC 54. First, EAJA grants authority to award costs in permissive, discretionary terms, not in the mandatory terms of the rule. The term “may” in EAJA provides the Court of Federal Claims wide discretion to award costs.
 
 See Griffin & Dickson v. United States,
 
 21 Cl.Ct. 1, 13 (1990) (“Given the use of the word ‘may,’ however, a request for costs is within the sound discretion of the trial court.”).
 

 Second, the permissive language applied to costs in section 2412(a)(1) carries more weight when contrasted with the imperative language applied to attorney fees and expenses in section 2412(d)(1)(A) of EAJA. Section 2412(d)(1)(A) states: “[A] court
 
 shall
 
 award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... brought by or against the United States ...
 
 unless
 
 the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.” 28 U.S.C. § 2412(d)(1)(A) (emphasis added). This passage means that a prevailing party can expect an award of “fees and other expenses” unless the Government offers substantial justification for its position.
 
 See Griffin & Dickson,
 
 21 Cl.Ct. at 13. No similar mandatory language or legal burden, however, appears in the EAJA provision governing costs.
 

 Read together, sections 2412(a)(1) and 2412(d)(1)(A) clearly treat costs differently from fees. These provisions create a distinct, though not unreasonable, trade-off. Attorney fees and expenses
 
 must
 
 be awarded when the Government’s position is not “substantially justified.” 28 U.S.C. § 2412(d)(1)(A). Costs, on the other hand,
 
 may
 
 be awarded to any prevailing party. 28 U.S.C § 2412(a)(1). Thus in awarding attorney fees, the trial court has no choice, but the required conditions for award occur rarely. In awarding costs, the trial court has
 
 *687
 
 broad discretion to determine whether and how much to award a prevailing party.
 

 Finally, the contrast between the language of EAJA and the language of RCFC 54(d) further dispels any presumption in favor of an award of costs. The term “shall” followed by the phrase “as a matter of course” in RCFC 54 raises a presumption in favor of costs. EAJA has no comparable language or structure. Furthermore, EAJA is a limited waiver of sovereign immunity.
 
 See, e.g., Estate of Smith v. O’Halloran,
 
 930 F.2d 1496, 1501 (10th Cir.1991). Such waivers are not to be “enlarge[d] ... beyond what the language requires.”
 
 Eastern Transp. Co. v. United States,
 
 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472 (1927);
 
 see also McMahon v. United States,
 
 342 U.S. 25, 27, 72 S.Ct. 17, 18, 96 L.Ed. 26 (1951). This principle further precludes an extension of EAJA to create a presumption of costs.
 

 In sum, EAJA does not create a presumption in favor of an award of costs to the prevailing party. Rather EAJA vests the trial court with considerable discretion to award costs. This discretion authorizes the trial court to consider a wide variety of factors, including the conduct of the parties during trial, in reaching its costs decision.
 
 See Manildra,
 
 76 F.3d at 1183. Moreover, without a presumption in favor of a costs award, the Court of Federal Claims is under no obligation to explain a deviation from the norm. Rather a standard of wide discretion presupposes that the trial court may weigh many different factors without an explanation of its full decisional process. Indeed, the impressions created during lengthy litigation may defy accurate cataloguing. In any event, the statute envisions that the trial court may choose to award costs or not in its full discretion. Because the Court of Federal Claims is under no obligation to award or explain its decision not to award costs to NCI, its failure to do so cannot be considered an unusual or exceptional abuse of discretion. Therefore, this court will not overturn this exercise of discretion because of a lack of an explanation of the basis for the decision.
 

 Ill
 

 Far from a presumption in favor of costs, EAJA grants a trial court full discretion to award or refrain from awarding costs to a prevailing party. Moreover, the trial court need not provide a justification or explanation for its decision. Thus, in this case, the Court of Federal Claims was under no obligation to explain its denial of costs to NCI. NCI has shown no abuse of discretion. Accordingly, this court affirms.
 

 COSTS
 

 Each party shall bear its own costs.
 

 AFFIRMED.
 

 *
 

 The statute governing the award of costs under Equal Access to Justice
 
 Act
 
 — 28 U.S.C. 2412(a)— applies to all parties before the United States Court of Federal Claims. It should be noted, however, that the statute governing the award of attorney fees and other expenses — 28 U.S.C. § 2412(d)(1) — applies only to those parties which meet the requirements of section 2412(d)(2)(B).