**FRU–CON CONSTRUCTION CORPORATION,**
Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 97–43C.

United States Court of Federal Claims.

Aug. 18, 1999.

Val S. McWhorter, Vienna, VA, for plaintiff. Mark E. Hanson, Smith, Pachter, McWhorter & D'Ambrosio, P.L.C., of counsel.

Sean C. Griffin, Washington, DC, with whom was Acting Assistant Attorney General David W. Ogden, for defendant. Rian Hancks, Rock Island District Army Corps of Engineers, Rock Island, IL, of counsel.

### ORDER

MILLER, Judge.

Pursuant to the court's July 16, 1999 order, the parties submitted supplemental briefs on the award of costs. The issue for decision is whether the court, in its discretion, can and should award defendant costs as the prevailing party, when, after the court issued a judgment in defendant's favor on the merits post-trial and awarded defendant its costs, the court on plaintiff's motion for reconsideration determined that plaintiff was entitled to recover on one minor claim.

### FACTS

The facts of this case, having been discussed amply in the court's three prior opinions, will not be repeated here. *See Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298 (1999) (order on reconsideration); *Fru-Con Constr. Corp. v. United States*, 43 Fed.Cl. 306 (1999); *Fru-Con Constr. Corp. v. United States*, 42 Fed.Cl. 94 (1998) (order granting motion for summary judgment on defective specification claims). By its opinion issued on July 16, 1999, the court granted plaintiff's motion for reconsideration only to the extent that plaintiff was entitled to recover the stipulated contract balance of $60,000.00, and, if plaintiff had not been paid $82,780.00 with regard to the Teamsters strike at Brandon Road, the Army Corps of Engineers (the "Corps") was to remit that amount to plaintiff. As a result of the minor award in plaintiff's favor, the court ordered supplemental briefing on the issue of costs. Paragraph 3 of the court's July 16, 1999 opinion states:

> Pursuant to RCFC 54(d), defendant, as the prevailing party, was to recover its costs. However, the judgment that will follow reconsideration will be in plaintiff's favor, although for an amount that defendant conceded. By August 6, 1999, the parties shall each file a supplemental brief setting

forth their respective positions whether the law recognizes an award to defendant in these circumstances.

On August 6, 1999, the parties also submitted a Joint Status Report regarding both of the foregoing sums. The parties agreed that:

> (1) defendant paid [plaintiff] the stipulated contract balance after [plaintiff] submitted its motion for reconsideration and prior to the Court's July 16, 1999 order; and
>
> (2) defendant had repaid damages related to the Teamster's strike at Brandon Road to [plaintiff] prior to [plaintiffs] submission of its motion for reconsideration.

Jt. Status Rep., filed Aug. 6, 1999, at 1 (footnote omitted).

### DISCUSSION

Plaintiff contends that defendant is not entitled to costs as a prevailing party, because "[u]nder existing law, judgment entered in [plaintiffs] favor precludes an award of costs to Defendant because it is not the prevailing party. Not applicable in this case are the extremely narrow circumstances where less than a full judgment can bestow prevailing-party status on a party." Plf's Br. filed Aug. 6, 1999, at 1–2. Plaintiff maintains that defendant "cannot qualify as the prevailing party entitled to costs under" the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(a) (1994), because defendant will "not obtain a judgment, consent decree, or settlement." *Id.* at 3. According to plaintiff, "Defendant did not seek to recover anything or in any way 'alter the legal relationship' between it and [plaintiff]. Defendant merely denied [plaintiffs] entitlement to recover on its claims.... [Plaintiff] is the party that sought redress and judgment will be entered in its favor." *Id.* at 4. Furthermore, plaintiff asserts that no part of this case was settled, and that it, rather than defendant, is the prevailing party.

Defendant responds that judgment should be entered in its favor and thus it is entitled to costs because it "qualif[ies] as the prevailing party due to [its] prevailing on every contested issue." Def's Br. filed Aug. 6, 1999, at 1. Defendant argues that payment prior to the court's July 16, 1999 opinion

renders the issue on which plaintiff prevailed after trial moot.

Because these claims became moot before the Court issued its July 16 opinion, the law requires the Court to vacate the portions of its July 16 opinion regarding those issues.... Because those are the only claims that would have supported an entry of judgment in plaintiff's favor, ... the vacatur of the portions of the opinion addressing those claims would lead to the entry of judgment in favor of defendant.

*Id.* at 2–3 (citations omitted). Defendant further posits that "[e]ven if the Court were to enter judgment in plaintiff's favor, however, such a judgment would not deprive [defendant] of [its] status as the prevailing party." *Id.* at 3. Viewing the totality of the circumstances, defendant takes the position that it qualifies as the prevailing party, having prevailed on "the three most fiercely contested claims," *id.* at 4, and thus is entitled to an award of costs pursuant to RCFC 54(d).

The EAJA is a specific statutory waiver of sovereign immunity, thereby granting claimants a means to recover costs against the Government. The EAJA serves both to level the playing field by permitting awards against the Government to the same extent as an award would be granted against a private party under common law, as well as to deter the Government from advancing frivolous positions. Under the EAJA a claimant may recover its costs and fees when it is a prevailing party and the Government's position is not substantially justified. 28 U.S.C.A. § 2412(a)(1), (d)(1)(A) (West 1994 & Supp. 1999), provides:

Except as otherwise specifically provided by statute, a judgment for costs, ... may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action....

....

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Plaintiff relies on *Neal & Co. v. United States,* 121 F.3d 683 (Fed.Cir.1997), for the proposition that RCFC 54(d) is not applicable in the instant case. In *Neal & Co.* the Federal Circuit explained:

Because this appeal arises from a civil action brought by [plaintiff] against the United States, EAJA, not RCFC 54, governs the award of costs.

Indeed, because the jurisdiction of the Court of Federal Claims is limited to cases brought against (or crossclaims by) the United States, RCFC 54(d) would not seem to apply to any case before that court unless 28 U.S.C. § 2412(a) was changed. EAJA governs costs in civil actions brought "by or against the United States"; the jurisdiction of the Court of Federal Claims embraces only civil actions brought against (or counterclaims by) the United States. Therefore, as long as EAJA remains in force, only the introductory exception of RCFC 54(d) would apply to cases before the Court of Federal Claims. With EAJA governing the award of the costs in all cases within its jurisdiction, the Court of Federal Claims would not have occasion to apply the "as a matter of course" directions in its rule 54.

*Id.* at 685 (footnote and citations omitted). *Neal & Co.* characterizes the applicability of the EAJA as all inclusive: "The statute governing the award of costs under Equal Access to Justice Act—28 U.S.C. § 2412(a)— applies to all parties before the United States Court of Federal Claims." 121 F.3d at 685 n. *. However, *Neal & Co.* does not contemplate the situation in which a plaintiff fails to prevail on its claims, and judgment enters for defendant. *Neal & Co.* is distinguishable in this regard.

The Government as defendant cannot recover its costs under the EAJA; only RCFC 54(d) authorizes an award to defendant as the party prevailing against an unsuccessful

claimant. RCFC 54(d) recites, in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as a matter of course to -the prevailing party in any action not dismissed for lack of subject matter jurisdiction, unless the court otherwise directs; but costs against the United States shall be imposed only to the extent permitted by law.

■ Plaintiff's interpretation of Neal & Co. is unreasonable insofar as it would preclude defendant from ever recovering its costs when it prevails in an action by being awarded judgment in its favor, albeit not a monetary judgment. Although *Neal & Co.* ruled that RCFC 54(d) was superseded by the EAJA in an action filed in the Court of Federal Claims, *see* 121 F.3d at 685, the EAJA governs a plaintiffs recovery of costs, not the Government's. The EAJA was not intended to preclude the Government from recovering its costs; rather, the EAJA permits a plaintiff to recover its costs and fees, provided that plaintiff qualifies as a prevailing party and that the Government's position is not substantially justified, in any claim filed by a plaintiff against the Government or in any counterclaim asserted by the Government against a plaintiff. Thus, the EAJA protects a plaintiff from frivolous counterclaims, and enables a plaintiff who otherwise could not afford to bring a claim against the Government to have its day in court. Contrary to plaintiff's interpretation of *Neal & Co.*, the EAJA is not the means through which the Government as defendant may recoup its costs as a prevailing party. Analogies may be drawn between the EAJA and RCFC 54(d) for purposes of defining prevailing party and reviewing exercises of the court's discretion, see *Schultz v. United States*, 918 F.2d 164, 166 n. 2 (Fed.Cir.1990) (noting standards for prevailing party are generally applicable "from rule-to-rule or statute-to-statute"). The statutes, however, are not interchangeable, because the EAJA does not provide a means of recovery for the Government when it prevails against a plaintiffs claim or when it prevails on its own counterclaim.

■ "Ascertaining the 'prevailing party' requires us to 'look to the substance of the litigation to determine whether an applicant has substantially prevailed in its position, and not merely the technical disposition of the case or motion. In effect, substance should prevail over form.'" *Schultz*, 918 F.2d at 166 (citation omitted); *see Austin v. Department of Commerce*, 742 F.2d 1417, 1419 (Fed. Cir.1984) (prevailing party is one successful on significant issue).

■ "A party will be deemed prevailing if he obtained a settlement of his case; if [he] has sought a voluntary dismissal of a groundless complaint; or even if he does not ultimately prevail on all issues." *Austin*, 742 F.2d at 1420; *see Studiengesellschaft Kohle v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir.1983) ("A party need not prevail on all issues to justify an award of costs."). "The case must be viewed as a whole to determine who is the prevailing party." *Studiengesellschaft Kohle*, 713 F.2d at 131. Moreover, although the language of RCFC 54(d) indicates a presumption in the favor of awarding costs to a prevailing party, an award of costs indisputably remains within the court's considerable discretion. *See id.* (noting standard of review is abuse of discretion); *see also Neal & Co.*, 121 F.3d at 687 ("Far from a presumption in favor of costs, EAJA grants a trial court fill discretion to award or refrain from awarding costs to a prevailing party. Moreover, the trial court need not provide a justification or explanation for its decision.").

■ In the instant case, defendant successfully defended against plaintiffs three primary claims, to wit, defective specifications, differing site conditions, and heat-related delays. *See Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir.1990) ("We now hold that the district court in this case did not abuse its discretion when it awarded fall costs to the party prevailing on the majority of claims and the central claims at issue."). Differing site conditions and heat-related delays consumed the vast majority of the two-week trial. *See id.* ("[W]e conclude that the district court's decision to award costs to the party that prevailed on the vast majori-

ty of issues and on the issues truly contested at trial was not an abuse of discretion."). Although plaintiff recovered $60,000.00, representing a stipulated contract balance withheld by the Corps, on reconsideration, plaintiff's recovery is insufficient to strip the Government of its prevailing party status. Given that plaintiff (1) did not include its claim for the outstanding contract balance in either its original or amended complaint, (2) did not devote more than a few moments of attention to this issue at trial, and (3) mentioned this issue only in its Statement of Issues of Fact and Law filed incident to trial, the contract balance does not qualify as a substantial issue in this litigation.

The $82,780.00 sought in relation to the Teamsters strike at Brandon Road was granted by the contracting officer's final decision. Plaintiff did not prove entitlement to any further recovery. A question in this regard survived only because plaintiff insisted that this amount had not been received. Plaintiff conceded receipt of this amount in the August 6, 1999 Joint Status Report. Not only does the stipulated recovery, $142,-780.00, represent approximately 2% of the $6,098,589.51[1] sought by plaintiff in this action, stipulated recovery was conceded, as well as awarded, prior to the issuance of the court's July 16, 1999 opinion.[2] Defendant will have judgment in its favor on all significant issues in this matter.[3] Thus, viewed as a whole, judgment entering in its favor on the major issues before the court, defendant may recover its costs as the prevailing party.

### CONCLUSION
Accordingly, based on the foregoing,

**IT IS ORDERED**, as follows:

1. Judgment shall enter for defendant on plaintiff's claims.

2. Pursuant to RCFC 54(d), defendant, as the prevailing party, shall recover its costs.

---

1. This figure overwhelmingly represents the amounts that plaintiff sought to prove at trial. Although this percentage approach would seem questionable absent a finding that the amount sought was co-extensive with the damages that a plaintiff sought to prove at trial, or through a dispositive motion, *Neal & Co.* approved this approach. *See* 121 F.3d at 685.

2. Defendant contends that the court should vacate its July 16, 1999 opinion with regard to the contract retention and the Brandon Road Teamsters strike as these are the only claims that would support plaintiff's argument that it is a prevailing party. As the August 6, 1999 Joint Status Report indicates, these claims were resolved prior to the issuance of the court's opinion on reconsideration. Neither party informed the court that the outstanding contract balance had been remitted to plaintiff prior to the issuance of that opinion, or dispelled the confusion surrounding the remission of liquidated damages associated with the Teamsters strike at Brandon Road. The court declines defendant's request to vacate the portions of its opinion on reconsideration as moot, because the resolution of these issues is insufficient to confer prevailing party status on plaintiff or to deny defendant its status as the prevailing party, and defendant bears responsibility for having given rise to this issue by not notifying the court that plaintiff had been paid prior to the court's ruling on plaintiff's motion for reconsideration.

3. Plaintiff's contention that the relief obtained by defendant did not alter the legal relationship between the parties is without merit. Although generally invoked in the context of determining when plaintiff is a prevailing party, *see Farrar v. Hobby,* 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) ("In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."), defendant has secured all of the legal benefits attendant to a judgment in its favor.