LIBAS, LTD., Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 01–1451.

United States Court of Appeals,
Federal Circuit.

Jan. 7, 2003.

Elon A. Pollack, Law Offices of Elon A. Pollack, of Los Angeles, CA, argued for plaintiff-appellant. Of counsel was Wayne Jarvis.

Bruce N. Stratvert, Attorney, International Trade Field Office, Department of Justice, of New York, NY, argued for defendant-appellee. With him on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC; and John J. Mahon, Acting Attorney in Charge, International Trade Field Office. Of counsel on the brief was Edward N. Maurer, Attorney, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of New York, NY.

Before MAYER, Chief Judge, MICHEL and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

Plaintiff–Appellant Libas, Ltd. ("Libas") appeals the denial of its petition for attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412 (2000). The Court of International Trade denied Libas' petition, which it filed in association with litigation concerning the United States Customs Service ("Customs") classification of fabric that Libas imports from India. *Libas, Ltd. v. United States*, No. 95–01–00014, slip op. at 1 (Ct. Int'l Trade May 16, 2001) ("Order"); *see Libas, Ltd. v. United States*, 944 F.Supp. 938 (Ct. Int'l Trade 1996), *vacated-in-part* by 193 F.3d 1361 (Fed.Cir.1999) (finding that the Court of International Trade erred in crediting the testimony of Customs' experts because the tests used by such experts to evaluate Libas' fabric were not shown to be sufficiently reliable under the analysis set forth in *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)), *additional proceedings at* 118 F.Supp.2d 1233 (Ct. Int'l Trade 2000) (ordering reliquidation of the fabric after determining that classification was not supported by the evidence). Because the Court of International Trade did not sufficiently explain its rationale for denying Libas' EAJA petition for attorneys' fees and expenses, we vacate and remand.

BACKGROUND

Customs classified Libas' imported cotton fabric as power-loomed. Libas contended that its fabric was hand-loomed, and that the government of India certified the fabric as hand-loomed. *Libas*, 193 F.3d at 1363. Customs tested the fabric using a particular laboratory test and upon classifying the fabric as power-loomed, Libas' duty rates were higher than under the hand-loomed classification. *Id.* Libas challenged the classification. It initially lost before the Court of International Trade, but on remand from appeal to this court it obtained relief. *Libas*, 118 F.Supp.2d at 1238. The Court of International Trade determined in proceedings on remand that the Customs test did not meet the requisite standards of reliability, and accordingly found that the evidence supported "the

conclusion that the fabric is hand-loomed." *Id.*

Under the theory that it had prevailed in the litigation, Libas petitioned for attorneys' fees and expenses under EAJA, which provides in relevant part:

[A] court *shall award* to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... including proceedings brought for judicial review of agency action, brought by or against the United States ... *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2000) (emphases added).

The government requested, and the court granted, three extensions of time to respond to Libas' petition. However, the court denied the government's fourth extension request. The government thereafter filed a response with an application to file out-of-time. The court denied the petition to file out-of-time, but in the same Order denied Libas' EAJA petition for attorneys' fees and expenses.

In its Order, the Court of International Trade's complete discussion for denying Libas' unopposed petition is as follows:

[U]pon reading [Libas'] application for fees and other expenses under [EAJA]; upon consideration of other papers and proceedings had herein; it is hereby ORDERED that [Libas'] application be, and hereby is, denied.

Order at 1.

Libas timely appealed this denial. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

## DISCUSSION

■ This court reviews a trial court's denial of an EAJA claim for attorneys' fees and expenses under an abuse of discretion standard. *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *RAMCOR Servs. Group, Inc. v. United States,* 185 F.3d 1286, 1288 (Fed.Cir.1999). However, the trial court's discretion is not without limits and the abuse of discretion standard does not dilute our meaningful examination of the trial court's decision. *Hendler v. United States,* 952 F.2d 1364, 1380, 1383 (Fed. Cir.1991).

■ Given the perplexing brevity of the court's Order denying Libas' petition, this appeal presents an issue of first impression for this circuit: whether a trial court's denial of an EAJA petition for attorneys' fees and expenses can be upheld under an abuse of discretion standard when the government provides no evidence that its position was substantially justified and the trial court does not sufficiently explain its basis for denying the EAJA petition for attorneys' fees and expenses. Under general principles of appellate review, and following the decisions of our sister circuits, we hold that such a denial cannot stand, particularly in light of the government's failure to put forth any evidence in support of its position. *Kerin v. United States Postal Serv.,* 218 F.3d 185 (2d Cir.2000); *United States v. Hallmark Constr. Co.,* 200 F.3d 1076 (7th Cir.2000); *United States v. Eleven Vehicles,* 200 F.3d 203 (3d Cir.2000); *Hayes v. Heckler,* 785 F.2d 1455 (9th Cir.1986); and *United States v. First Nat'l Bank of Circle,* 732 F.2d 1444 (9th Cir.1984). However, the trial court can consider the government's failure to submit evidence as an admission that its position was not substantially justified and so state in its opinion. We therefore vacate the Court of International Trade's Order and remand for the court to grant Libas' petition or provide a specific

explanation to support its EAJA determination.

**▮** The EAJA statute provides that a trial court must award attorney's fees where: (i) the claimant is a "prevailing party"; (ii) the government's position was not substantially justified; (iii) no "special circumstances make an award unjust"; and (iv) the fee application is timely submitted and supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A)-(B); *INS v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). It is uncontested that Libas was the prevailing party and that the fee application was timely filed and adequately supported. In addition, the government alleged no "special circumstances." Therefore, the only question for us on appeal is whether the district court abused its discretion in finding without explanation that the government's position was substantially justified.

This court has previously discussed 28 U.S.C. § 2412(d)(1)(A) when interpreting another subsection of § 2412, noting that the imperative language of § 2412(d)(1)(A), "a court shall award," requires that the government bears the burden of proving its position was substantially justified. *Neal & Co. v. United States*, 121 F.3d 683, 686 (Fed.Cir.1997); *see also Hallmark*, 200 F.3d at 1079 (noting the language of § 2412(d)(1)(A) does not create a presumption that the prevailing party will recover attorneys' fees and expenses, but that the government has the burden to prove its position was substantially justified).

In order to review the Court of International Trade's determination that the government met this burden, it is imperative that the court explain its rationale supporting its conclusion that the government's position was substantially justified. This completes the record for review and undergirds the appeals process. *See Cabot Corp. v. United States*, 788 F.2d 1539, 1543 (Fed.Cir.1986) (noting, in the context of

the final judgment rule, that a complete record is required for efficient appellate review, and that the requirement of a complete record helps avoid piecemeal litigation). Such an explanation is particularly important here because Libas "can expect an award of 'fees and other expenses' unless the government offers substantial justification for its position." *Neal*, 121 F.3d at 686. The record reveals that despite three separate requests for extension of time to reply to Libas' petition, the government failed to submit any response justifying its position. While the government attempted to file a proposed response, the government's motion for leave to file out-of-time was denied, and therefore this response is not part of the record before us.

The government argues on appeal that it is "readily apparent" from the opinions issued by the Court of International Trade that the government's position was substantially justified. This argument ignores the burden-placing imperative language of § 2412(d)(1)(A) and derides the concept of appellate review. Moreover, there is ample support from our sister circuits that the government's argument should be rejected in favor of a sunlit process whereby the court explains in its denial why the government's position was substantially justified. *See Kerin*, 218 F.3d at 193 (vacating and remanding a trial court's order disposing of an EAJA petition for attorneys' fees and expenses, and requesting a "thorough explanation of the reasons for the award"); *Eleven Vehicles*, 200 F.3d at 211 (noting in review of an EAJA petition for attorneys' fees that the trial "court . . . may have been correct in its conclusions but regrettably did not explain how it reached them," and relying in part on support from *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (civil rights attorneys' fees award) and *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (3d Cir.1990) (section 1988 attorneys'

fees award)); *Hallmark*, 200 F.3d at 1078–80 (finding that conclusory statement by trial court judge that the government's case was "far from baseless" did not provide sufficient explanation to support order relating to petition for attorneys' fees and expenses); *Hayes*, 785 F.2d at 1456–57 (noting that the trial court gave "no explanation of the basis for its decision" and that as a result it was "impossible ... to determine whether the district court abused its discretion when the order below contains no information or explanation concerning the basis for the district court's decision"); *First Nat'l Bank of Circle*, 732 F.2d at 1447–48 (holding that in order to determine whether the trial court's determination on an EAJA petition for attorneys' fees and expenses was an abuse of discretion, the trial court must explain its rationale beyond the terse statement offered: "the legal position of [the government] was defensible, asserted in good faith, and substantially justified within the meaning of the law").

▮▮▮▮ Accordingly, we hold that when the government fails to advance any reasoning showing its position was substantially justified, the court in denying an EAJA claim must provide a basis for denial or in the alternative may grant the motion by relying on the government's failure to timely submit any evidence or explanation to carry its burden of proving its position was substantially justified as an admission, and so state in its opinion. On remand the trial court should, within its discretion, and with a certain degree of specificity sufficient to allow this court ample basis to review its conclusions, determine whether or not the government's position was substantially justified. This determination should be based on the record before the trial court, without any additional submissions by the parties.[1] Inherent to some degree in explaining whether a party's position is "substantially justified" is a judgment as to the extent of the detail and logic to set forth. *Hallmark*, 200 F.3d at 1079–80. The degree of exposition may vary from case to case, *id.* at 1080, but entails a focus on the actual merits of the government's litigating position, *id.* (citing *Pierce*, 487 U.S. at 569, 108 S.Ct. 2541). When evaluating this issue, the trial court "must reexamine the legal and factual circumstances of the case from a different perspective than that used at any other stage of the proceeding." *Id.* The court should also consider Libas' expectation in an award of fees and expenses in light of the government's failure to offer any substantial justification for its position. *Neal*, 121 F.3d at 686.

Finally, we have considered the parties' other arguments and assertions, but find no need to reach these additional perspectives in order to dispose of this appeal.[2]

## CONCLUSION

The Court of International Trade failed to sufficiently explain its denial of Libas' unopposed EAJA petition for attorneys' fees and expenses, and by doing so it abused its discretion. Accordingly, its denial Order is vacated and the case is remanded for further proceedings consistent with this opinion.

---

1. The record before the trial court includes not only the actual record, but also includes, for example, any insights which the trial court may have gleaned from settlement conferences or other pretrial activities that are not conveyed by the actual record. *Pierce*, 487 U.S. at 560, 108 S.Ct. 2541.

2. We do not reach Libas' other asserted reason that the court's explanation was insufficient. Libas argued that 28 U.S.C. § 2645(a), and our precedent construing that provision, requires a more extensive statement of factual findings and conclusions of law than the explanation provided by the court.

*VACATED AND REMANDED.*

IV. COSTS

Costs to appellant.