NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-5071

JAMES ALFRED MILLER, JR.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  October 3, 2006

_____

Before BRYSON, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

Plaintiff-Appellant James Miller ("Mr. Miller") seeks review of a decision by the United States Court of Federal Claims ("Court of Federal Claims" or the "trial court") denying Mr. Miller's claim for costs associated with this case.  Both parties agree that the Court of Federal Claims lacked subject matter jurisdiction in this case and that the complaint was properly dismissed.  On appeal, Mr. Miller seeks recovery of his filing

fees and related equitable relief.  We have considered Mr. Miller's claims and find them without merit.  We therefore <u>affirm</u> the judgment of the trial court.

BACKGROUND

Mr. Miller is a former federal employee receiving Civil Service Retirement annuity benefits from the Government.   On August 10, 2005, the Office of Personnel Management ("OPM") notified Mr. Miller that his annuity was reduced from $362 per month to $353 per month because he had performed federal service prior to October 1, 1982, for which no retirement deductions had been made.   The OPM, however, provided that Mr. Miller could return his annuity payments to the $362 per month rate if he remitted to the OPM a deposit of $1,159.   This sum represented the missed deductions plus interest on those deductions to the date of retirement.

Mr. Miller sent the OPM a check for $1,167 and a letter stating that the deposit was made "Under Protest".  Specifically, Mr. Miller objected to paying interest on the missed deductions.  In the letter, on behalf of "all Others Similarly Situated", Mr. Miller asked the OPM to "specify the next step in Exhaustion of Administrative Remedies; and the time requirements appertaining, there to."

Upon receiving the check, the OPM restored Mr. Miller's annuity payment to $362 per month, with a one-time adjustment payment of $34.50. The OPM also sent Mr. Miller a letter noting the restored rate. This letter, however, did not specify a "next step" as Mr. Miller had requested.

On November 21, 2005, Mr. Miller filed a complaint in the Court of Federal Claims, seeking recovery or adjustment of the interest paid.   Mr. Miller did not seek

2006-5071                                                    2

costs, filing fees, or related relief in his complaint. The OPM suspended consideration of Mr. Miller's protest pending the outcome of this case.

The Government filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Mr. Miller's claim should have been raised before the OPM and Merit Systems Protection Board ("MSPB") rather than in the Court of Federal Claims. See 5 U.S.C. § 8347(b), (d)(1). In response to the motion to dismiss, Mr. Miller demanded recovery of his filing fees "for future use in the specified United States Court of Appeals for the Federal Circuit." Mr. Miller also asked the trial court to order OPM to provide him with information on the next step in the appeals process.

The Court of Federal Claims dismissed Mr. Miller's complaint and denied his demand for costs. Miller v. United States, No. 05-1220C (Ct. Fed. Cl. Mar. 21, 2006). The trial court also advised Mr. Miller of the proper procedure:

> The Civil Service Reform Act requires individuals wishing to dispute their civil service retirement benefits to seek relief from the OPM. If the individual is dissatisfied with the OPM's decision, the individual may appeal to the Merit Systems Protection Board ('MSPB'). The MSPB's decision may then be appealed to the United States Court of Appeals for the Federal Circuit.

Id. (citations omitted).

On appeal, Mr. Miller does not challenge the trial court's determination that it lacked jurisdiction to hear his complaint. Rather, Mr. Miller argues that, by failing to provide "the next step in Exhaustion of Administrative Remedies," the OPM caused him to file in the wrong forum and therefore should pay his filing fees. Mr. Miller also repeats his demand that the OPM be ordered to provide him with information on the next step in the appeals process.

DISCUSSION

A. Costs

This court reviews the denial of costs under an abuse of discretion standard. See Neal & Co. v. United States, 121 F.3d 683, 684 (Fed. Cir. 1997). "Such abuses must be unusual and exceptional," and this court will not simply substitute its judgment for that of the trial court. Id. (quoting PPG Indus., Inc. v. Celanese Polymer Specialties Co., 840 F.2d 1565, 1572 (Fed. Cir. 1988) (Bissell, J., additional views)). Furthermore, unless a court possesses jurisdiction to hear the underlying action, that court cannot award costs to the plaintiff. See Burkhardt v. Gober, 232 F.3d 1363, 1368 (Fed. Cir. 2000) (requiring court to have jurisdiction in order to award costs under the Equal Access to Justice Act).

Mr. Miller argues that the trial court failed to specifically respond to his demand for costs. The trial court held and both parties agree, however, that the Court of Federal Claims lacked subject matter jurisdiction in this case. See generally 5 U.S.C. § 8347(b), (d)(1); Contreras v. United States, 64 Fed. Cl. 583, 587 (Ct. Fed. Cl. 2005) (holding that where a federal employee has an appeal to the MSPB, his cause of action is not cognizable in the Court of Federal Claims). The trial court further held that "[n]o costs shall be awarded." Miller, No. 05-1220C (Ct. Fed. Cl. Mar. 21, 2006). The trial court thereby addressed Mr. Miller's demand. Without jurisdiction to hear the underlying complaint, the trial court could not award costs to Mr. Miller.

Additionally, under the Rules of the Court of Federal Claims ("RCFC") and the Equal Access to Justice Act, a party must demonstrate that it was the "prevailing party" to recover costs from the United States. See 28 U.S.C. § 2412(a)(1) (2006) ("[Costs]

may be awarded to the <u>prevailing party</u> in any civil action brought by or against the United States . . . <u>in any court having jurisdiction of such action</u>.") (emphases added); RCFC 54(d)(1) ("Costs . . . may be awarded to the <u>prevailing party</u>.") (emphasis added). Because Mr. Miller's complaint was dismissed without any favorable rulings, Mr. Miller is not a "prevailing party." Mr. Miller cites no law to support the proposition that a plaintiff in his position, having filed a premature complaint in an incorrect forum, should be entitled to recover costs from the defendant upon dismissal of the complaint.

Mr. Miller's argument that the OPM caused him to file in the wrong forum is without merit. The OPM never suggested that Mr. Miller should file suit in the Court of Federal Claims. The OPM likewise never suggested that Mr. Miller's right to appeal would soon expire. The decision to immediately file suit in the Court of Federal Claims was entirely Mr. Miller's own initiative. Notably, a union benefits specialist twice advised him of the correct procedure. Mr. Miller ignored this advice and acted, without further counsel, based on his own misinterpretation of the law.

Accordingly, the OPM is not responsible for Mr. Miller's action. Given that both parties agree that the Court of Federal Claims lacked jurisdiction in this matter, the denial of costs was not an abuse of discretion.

### B. Other Relief

Mr. Miller also repeats his demand that the OPM be ordered to provide him with information on the next step in the appeals process and that it do so in response to all future requests from any person.

Both parties agree, however, that the trial court lacked jurisdiction in this case. Accordingly, the trial court could not extend equitable or other relief to Mr. Miller. <u>See,</u>

e.g., <u>UNR Indus. Inc. v. United States</u>, 962 F.2d 1013 (Fed. Cir. 1992). Moreover, the Court of Federal Claims generally does not possess jurisdiction over claims for declaratory relief. <u>See</u> <u>First Hartford Corp. v. United States</u>, 194 F.3d 1279, 1294 (Fed. Cir. 1999). With limited exceptions, there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief. <u>See</u> <u>United States v. King</u>, 395 U.S. 1, 4 (1969). <u>But see</u> 28 U.S.C. § 1491(b)(2) (permitting the Court of Federal Claims to grant declaratory and injunctive relief in actions regarding government solicitations).

Therefore, the denial by the Court of Federal Claims of Mr. Miller's additional equitable relief was correct.

CONCLUSION

Because the Court of Federal Claims properly denied Mr. Miller's demand for costs and other equitable relief, we affirm.

No costs.