John Thomas **BERRY**, Plaintiff,

v.

**WORLDWIDE LANGUAGE RESOURCES, INC.,**
Defendant.

No. 1:08–cv–00438–JAW.

United States District Court, D. Maine.

Sept. 16, 2011.

---

David J. Van Dyke, Hornblower, Lynch, Rabasco & Van Dyke, Lewiston, ME, for Plaintiff.

Christopher D. Hawkins, Christopher T. Vrountas, Nelson, Kinder, Mosseau & Saturley, P.C., Manchester, NH, for Defendant.

## ORDER ON BILLS OF COST

JOHN A. WOODCOCK, JR., Chief Judge.

On March 9, 2011, a federal jury issued a verdict in favor of John Thomas Berry against WorldWide Language Resources, Inc. (WorldWide) in the amount of Twenty–Five Thousand Dollars on the promissory estoppel claim in Count I of his Complaint. *Verdict Form* (Docket # 138). On March 10, 2011, the Court entered judgment.[1] *J.* (Docket # 140). On April 25, 2011, Mr. Berry filed a Bill of Costs, seeking an award of $4,104.05 in taxable costs. *Pl.'s Bill of Costs* (Docket # 146) (*Pl.'s Mot.*). On May 6, 2011, WorldWide filed its own Bill of Costs, seeking an award of $21,950.18. *Def.'s Mot. for Costs Pursuant to Fed.R.Civ.P. 54(d)* (Docket # 147) (*Def.'s Mot.*).

In this Order, the Court addresses only whether Mr. Berry or WorldWide is entitled to costs under Rule 54(d). Rule 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." FED.R.CIV.P. 54(d). Here, both parties contend they prevailed. WorldWide's position is counterintuitive because the jury issued a verdict in favor of Mr. Berry, not WorldWide, so it would seem that Mr. Berry, not WorldWide, is the "prevailing party." Yet WorldWide says that since it prevailed on all but one claim, it is entitled to costs on the claims it

---

1. Following a motion to correct clerical error, the Court issued an amended judgment on March 28, 2011. *Am. J.* (Docket # 143).

522

won.. *Def.'s Mot.* at 2–3. The Court disagrees with WorldWide.

On December 2, 2008, Mr. Berry filed his six-count Complaint against World-Wide. *Notice of Removal* Attach. 2 *Compl.* (Docket # 1) (*Compl.*). It is true that WorldWide won both before and at trial on all but one count. On June 7, 2010, the Court granted summary judgment to WorldWide on Count IV—intentional or negligent infliction of emotional distress. *Order on Def.'s Mot. for Summ. J.* (Docket # 50). On March 7, 2011, the first day of trial, the Court granted the Plaintiff's motion to dismiss Count V—a slander, libel and defamation count. *Pl.'s Oral Mot.* (Docket # 133); *Oral Order* (Docket # 134). On March 9, 2011, the jury found in favor of WorldWide on Count II—fraud, on Count III—negligent misrepresentation, and on Count VI—Mr. Berry's claim for punitive damages. *Verdict Form* at 1–3. The upshot is that WorldWide can claim victory on six of the seven counts.

But WorldWide's victories are hollow. Mr. Berry's lawsuit has always been about money. He claimed WorldWide wronged him and he demanded compensation for damages. *Compl.* at 1–6. WorldWide vigorously defended this case on the ground that it owed Mr. Berry nothing at all. More than that, WorldWide steadfastly maintained before, during and after trial that Mr. Berry committed perjury and engaged in witness tampering—claims that, by its verdict, the jury rejected. *Def.'s Renewed Mot. to Sanction Pl. for his Perjury and Witness Tampering Concerning a Relevant Trial Issue* (Docket # 144); *Order on Renewed Mot. to Sanction Pl.* at 9 (Docket # 159). Mr. Berry's Complaint contained six counts and each count proposed a slightly different legal theory under which Mr. Berry's relationship with WorldWide could be tested. However, in each count, Mr. Berry sought damages and

in the end, Mr. Berry got what he was seeking: a jury verdict awarding him money against WorldWide.

WorldWide's citations are not to the contrary. As WorldWide noted, there is authority that if a party "prevailed on the vast majority of issues and on the issues truly contested at trial," a trial court does not abuse its discretion in awarding costs to the party that prevailed on most, but not all issues. *Roberts v. Madigan,* 921 F.2d 1047, 1058 (10th Cir.1990); *Sheehy v. Town of Plymouth,* No. 95–12425–RBC, 2001 WL 92386, at *3, 2001 U.S. Dist. LEXIS 993, *8 (Jan. 18, 2001). *Roberts,* for example, was a case in which a teacher, parents and students claimed that a school violated their First Amendment rights of free speech, academic freedom, and access to information, and had further violated the Establishment Clause. *Roberts,* 921 F.2d at 1050. The trial court denied all relief except to order the school to return a Bible to its library. *Id.* The Tenth Circuit upheld an award of costs to the school on the ground that the district court did not abuse its discretion "when it awarded full costs to a party prevailing on the majority of claims and the central claims at issue." *Id.* at 1058.

*Roberts* and similar cases do not support the result WorldWide proposes. The *Roberts* logic may apply when some of the defendants are entirely victorious, *Sheehy,* 2001 WL 92386, at *1, 2001 U.S. Dist. LEXIS 993 at *2–3, when the plaintiff's actual relief is truly *de minimis* when contrasted with the relief sought, *Roberts,* 921 F.2d at 1050, or when the defendant's relief on a counterclaim exceeds the plaintiff's relief on the complaint, *Schultz v. United States,* 918 F.2d 164, 165–66 (Fed. Cir.1990). Here, the single issue hotly contested in this trial was whether Mr. Berry was entitled to any money at all from WorldWide, and on this issue—the

heart of the litigation—he won. Thus, under *Roberts,* Mr. Berry would still be entitled to costs.

■ WorldWide seeks to diminish Mr. Berry's victory by asserting (without citation) that he demanded $400,000 in damages and received a verdict for a paltry $25,000. *Def.'s Mot.* at 3 ("Plaintiff originally sought more than $400,000 from WorldWide"). But Mr. Berry's prior demands are not in evidence and are not relevant. Fed.R.Evid. 408. The general rule is "[a] party who is only partially successful ... can be deemed a prevailing party." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2667 (3d ed. 1998) (Federal Practice). Thus, in the 42 U.S.C. § 1983 context, the First Circuit observed that plaintiffs are deemed "prevailing parties" when "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Poy v. Boutselis,* 352 F.3d 479, 487 (1st Cir.2003) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)). In extracting $25,000 from a decidedly unwilling WorldWide, the Court readily concludes that Mr. Berry achieved some of the benefit he sought in bringing the lawsuit.

■ Finally, Rule 54(d) provides that costs "should be allowed to the prevailing party," unless "a court order provides otherwise." Fed.R.Civ.P. 54(d). Rule 54(d) "vests the court with a sound discretion, which extends to all civil actions and embodies a practice long recognized in equity." Federal Practice § 2668. Furthermore, "[t]he burden is on the unsuccessful party to show circumstances that are sufficient to overcome the presumption in favor of the prevailing party." *Id.* Here, acting in its discretion, the Court concludes that WorldWide has not overcome this presumption and that Mr. Berry is entitled to costs against WorldWide. In prosecuting this lawsuit through trial, Mr. Berry withstood a withering and sustained attack on his reputation, character and honesty, and he obtained a monetary judgment that rejected WorldWide's most serious accusations of criminal and unethical conduct. Mr. Berry emerges from this lawsuit with more than a monetary judgment; he emerges with his name intact. In the Court's view, he has most certainly prevailed.

Under Local Rule 54.3, after determining which costs "appear properly claimed," the Clerk of Court taxes those costs to the prevailing party. D. Me. Loc. R. 54.3. Having presided over the trial, the Court determined that it was more efficient for it, rather than the Clerk, to resolve the contested issue as to which party prevailed. Now that this determination has been made, the Court refers the matter to the Clerk of Court to tax appropriate costs to the Plaintiff in accordance with the local rule.

SO ORDERED.