**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1237
_____

HAIR RODRIGUEZ MOLINERO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-614-869)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2013

Before:  AMBRO, JORDAN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 5, 2013)
_____

OPINION
_____

PER CURIAM

Hair Rodriguez Molinero petitions for review of his final order of removal.  We will grant the petition, vacate the order, and remand for the Board of Immigration Appeals ("BIA") to remand to the Immigration Judge ("IJ") for a new hearing.

I.

Molinero is a citizen of Mexico who became a lawful permanent resident of the United States in 2001. He was later convicted of conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The Government charged him as removable for having been convicted of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii). Molinero, proceeding pro se, conceded the charge but expressed a fear of returning to Mexico on the ground that the Zeta drug cartel would torture and kill or conscript him because he owed it money for drugs. Molinero's conviction and sentence left him with deferral of removal under the Convention Against Torture ("CAT") as the only available form of relief. See 8 U.S.C. §§ 1158(b)(2)(A)(ii) & (b)(2)(B)(i), 1231(b)(3)(B)(ii) & (iv).

More than six months before Molinero's first appearance before the IJ, we decided Leslie v. Attorney General, 611 F.3d 171 (3d Cir. 2010). In that case, we held that it was reversible error per se, without any required showing of prejudice, for an IJ to fail to inform a pro se alien of the availability of pro bono counsel and to confirm that the alien received the "Legal Services List" of such counsel as required by 8 C.F.R. § 1240.10(a)(2) and (3). See Leslie, 611 F.3d at 182. Because the IJ failed to do so in that case, we vacated the order of removal and remanded for a new hearing. See id. at 183.

Molinero appeared pro se before the IJ who presided over Leslie. As did the petitioner in Leslie, Molinero informed the IJ that he was seeking a lawyer but could not afford one. Despite Leslie, however, there is no record of the IJ having notified Molinero

2

of the availability of pro bono counsel or having confirmed that he received the pro bono list. The IJ granted Molinero two continuances to retain paid counsel but ultimately required him to proceed pro se after he was unable to do so. Molinero, incarcerated and without counsel, did not present any evidence in support of his CAT claim. The IJ denied it and ordered his removal to Mexico. Molinero thereafter retained counsel to file an appeal to the BIA. He argued, inter alia, that the IJ erred in requiring him to proceed without counsel. The BIA disagreed and dismissed his appeal.

Molinero petitioned for review pro se. We stayed his removal, sua sponte appointed counsel, and directed the parties to brief "whether Petitioner's removal order is valid under Leslie[.]" Molinero then filed a motion to summarily grant his petition for review on the basis of Leslie. The Government responded with a motion to dismiss for lack of jurisdiction, but it later filed a motion to remand to the BIA. The parties dispute the proper scope of remand, and their motions have been referred to this merits panel. Molinero has also requested an award of costs.

## II.

The Government concedes that a remand is warranted in this case "in the interest of justice," but it also argues that, to the extent we might disagree with it on the scope of remand, we lack jurisdiction over Molinero's petition. Because we have an independent obligation to examine our jurisdiction, see Shehu v. Att'y Gen., 482 F.3d 652, 655 (3d Cir. 2007), we must resolve that issue despite the Government's consent to a remand.

A.     Jurisdiction

The Government argued in its motion to dismiss that we lack jurisdiction over Molinero's petition because (1) he has been convicted of an aggravated felony, and (2) he failed to exhaust the Leslie issue before the BIA.  The first of these arguments is without merit as explained in the margin,[1] and the Government has not pressed it in its brief. Only the question of exhaustion requires discussion.

Our jurisdiction is limited to issues that the petitioner exhausted before the BIA. See 8 U.S.C. § 1252(d)(1); Lin v. Att'y Gen., 543 F.3d 114, 119-21 & n.6 (3d Cir. 2008). This exhaustion requirement is a "liberal" one that we do not apply "in a draconian fashion."  Lin, 543 F.3d at 121 (quotation marks omitted).  To the contrary, a petitioner need only have made "some effort, however insufficient, to place the [BIA] on notice" of the issue being raised.  Id. (quotation marks omitted).  Under this standard, a petitioner need not have "explicitly argue[d]" an issue before the BIA so long as what he or she did put the BIA "on notice that there was a claim of error hovering around" that issue.  Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005).

In this case, the Government contends that Molinero failed to exhaust the Leslie

---

[1] The Government argued that 8 U.S.C. § 1252(a)(2)(C) deprives us of jurisdiction because Molinero has been convicted of an aggravated felony.  Despite that provision, however, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).  In Leslie, we squarely held that whether the IJ's non-compliance with the applicable regulations requires a new hearing constitutes a reviewable question of law.  See Leslie, 611 F.3d at 175.  We also noted that the Government's argument to the contrary was "manifestly incorrect."  Id. at 174 n.2.  In light of Leslie, the Government's initial reliance on this argument is inexplicable.

issue because he argued before the BIA only that the IJ erred in denying him a further

continuance to retain counsel and did not cite the actual regulations applicable to his

Leslie claim.  We reject that argument.  Molinero's brief to the BIA, the relevant portion

of which is set forth in the margin,[2] specifically argued that the IJ erred in requiring him

to proceed without counsel and even mentioned the pro bono list.  "While the

Government is technically correct that [Molinero] did not explicitly argue" the Leslie

---

[2] Molinero argued:

> **The IJ Erred in Conducting the Individual Hearing Without Counsel for Appellant**
>
> The IJ also erred in going forward with Appellant's Individual Hearing without counsel for Appellant.  The IJ states in his decision that:
>
> > [T]he respond[ent], by the way, was given at least two opportunities to seek an attorney at his own expense.  The Court explained to him that the pro bono list the Court maintains is not effective for anyone still serving a term of imprisonment.  Nonetheless, the Court did give him two continuances.  He was unable to secure an attorney, so we proceeded.
>
> Oral Decision of the Immigration Judge at 2.
>
> The IJ should not have proceeded with the Individual Hearing until such time that Appellant had retained counsel.  The IJ should have been aware that it is very difficult for an inmate in a federal detention center to make calls to the outside, much less call around to shop for counsel.
>     Appellant did not submit any exhibits at his Individual Hearing in support of his CAT application.  Had the IJ granted another continuance, Appellant would have been able to retain counsel, and counsel would have made sure to file exhibits to support Appellant's claims. . . .

(A.R. 29-30.)

5

issue, these arguments sufficiently put the BIA "on notice that there was a claim of error hovering around" the IJ's handling of the counsel issue. Wu, 393 F.3d at 422. That is so particularly because Leslie was of fairly recent vintage and involved the same IJ whose ruling the BIA reviewed in this case.

The Government also argues that we should deem Molinero's efforts insufficient because he was represented by counsel before the BIA. We reject that argument as well. We have never limited the liberality of our exhaustion policy to pro se litigants. See, e.g., Hoxha v. Holder, 559 F.3d 157, 158-61 (3d Cir. 2009) (petitioner represented before the BIA); Lin, 543 F.3d at 118, 120-22 (same); Wu, 393 F.3d at 421-22 (not specifying whether petitioner was represented). The Government, relying on Higgs v. Attorney General, 655 F.3d 333 (3d Cir. 2011), argues that Molinero's representation by counsel meant that the BIA was not required to construe his arguments liberally. In Higgs, however, we held merely that the BIA should have liberally construed the petitioner's pro se notice of appeal for purposes of determining which ruling he intended to appeal. See id. at 340-41. We addressed exhaustion in that case, but our ruling that the petitioner had exhausted his arguments turned, not on his pro se status, but on the same liberal exhaustion policy that we have applied in counseled cases such as this one. See id. at 338 (citing Lin, 543 F.3d at 120). Under that policy, the Leslie issue is exhausted. We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review it, and we do so de novo. See Leslie, 611 F.3d at 175.

6

B.     The Merits

In Leslie, we held that a new hearing was required where the record showed that the IJ did not inform the alien of the availability of pro bono counsel or confirm that he received a copy of the pro bono list.  See Leslie, 611 F.3d at 173, 182.  Molinero argues that the same IJ committed the same error in this case.  Having reviewed the record, we agree that there is no meaningful basis to distinguish Leslie for the reasons explained in the margin and that the same result is required here.  As in Leslie, Molinero's Notice to Appear stated that a list of pro bono counsel would be provided to him and contained a checked box indicating that it had (A.R. 258), but no such list appears of record.  See Leslie, 611 F.3d at 173-74.  As in Leslie, Molinero told the IJ that he was trying to obtain counsel but was not yet able to afford it (A.R. 89, 92), and Molinero went even further and filed a written motion for a continuance on that basis (A.R. 240).  See Leslie, 611 F.3d at 174.  Also as in Leslie, there is no record of the IJ having explained the availability of pro bono counsel or having confirmed that Molinero received the pro bono list at any of his hearings on January 25, March 3, June 21, August 23 or September 26, 2011.  See Leslie, 611 F.3d at 174.

The Government does not argue that the IJ actually fulfilled his obligations under Leslie in this case.  Instead, it argues that the record is "unclear" on that point.  It further argues that (its position on exhaustion aside) we should remand only for the BIA to address the Leslie issue in the first instance and not for a new hearing because the BIA should generally have the first word in areas falling within its special expertise.  See INS

7

v. Ventura, 537 U.S. 12, 16 (2002). We reject these arguments.

In the first place, there is nothing "unclear" about whether the IJ complied with his obligation under Leslie. In arguing otherwise, the Government relies on the IJ's statement in his oral decision that "[t]he Court explained to [Molinero] that the pro bono list the Court maintains is not effective for anyone still serving a sentence of imprisonment." (IJ Dec. at 2; A.R. 54.) As Molinero points out, the record reflects no such explanation. And even if it did, that explanation provides no indication that the IJ actually informed Molinero of the availability of pro bono counsel or confirmed that he received the pro bono list. To the contrary, the IJ's purported explanation arguably makes this case even worse than Leslie because, if the IJ told Molinero that the pro bono list is "not effective" in light of his incarceration, then the IJ effectively told him that counsel was not available.[3]

Nor is this a matter over which the BIA has any special expertise or is in any better position to decide. This issue comes to us on a written administrative record, just as it came to the BIA and just as it did in Leslie. In Leslie itself, we decided whether the IJ had erred and the effect of that error without remanding for the BIA to do so in the first instance, and we specified that we were "remand[ing] for a new hearing." Leslie, 611 F.3d at 173. The Government has raised no persuasive reason why the result in this case

---

[3] Molinero's incarceration provides no basis to distinguish Leslie because Leslie was serving a criminal sentence, see Leslie, 611 F.3d at 173-74, and the applicable regulation makes no exception for incarcerated aliens. See 8 C.F.R. § 1240.10(a)(2), (3).

8

should be different, and it should not.[4]

The only remaining issue on the merits is the Government's assertion that Molinero has waived his CAT claim by not challenging the denial of that claim on review. We reject that argument as well, and we fail to understand its significance. Molinero argues that he is entitled to a new hearing before the IJ, which necessarily includes a hearing on his CAT claim, and we agree. Our remand for a new hearing thus necessarily includes a remand for further proceedings on that claim.

## C.     Costs

Finally, we address the issue of costs. In his response to the Government's motion for a limited remand, Molinero requests that we tax costs against the Government under the Equal Access to Justice Act, which authorizes an award of the costs enumerated in 28 U.S.C. § 1920 to the prevailing party in actions brought by or against the United States. See 28 U.S.C. § 2412(a)(1). Molinero's counsel specified that he does not seek to profit from this pro bono engagement by requesting attorney's fees and instead seeks reimbursement only of copying expenses and the like normally taxable as costs. The Government has not opposed Molinero's request, and we agree that costs are taxable against it. See Fed. R. App. P. 39(b).[5]

---

[4] We note that, in the only case of which we are aware in which the BIA has addressed a Leslie error, the BIA recognized that the error requires a new hearing and remanded for that purpose. See In re Clarke, No. A046-242-569, 2012 WL 6641683 (BIA Oct. 31, 2012) (unpublished).

[5] Because Molinero has requested only costs and not "fees and other expenses," we need

9

An award of costs is warranted in this case because the Government's conduct has required the needless expenditure of resources by Molinero's pro bono counsel, who accepted this engagement as a service to the Court. The Government responded to Molinero's motion for summary action on the basis of Leslie by filing a motion to dismiss based in part on an argument that we rejected as "manifestly incorrect" in Leslie itself. 611 F.3d at 174 n.2. In our order referring those motions to the merits panel, we noted that the Government's position in this case appeared inconsistent with its position in two other cases in which we appointed counsel to brief the Leslie issue and in which the Government then promptly consented to a full remand. When Molinero's counsel sought the Government's agreement to do the same in this case, the Government informed him that it would instead proceed to briefing. Only after Molinero filed his brief did the Government file a motion to remand, and even then the Government continued to resist the remand for a new hearing that Leslie clearly requires. Under these circumstances, taxation of costs for Molinero is appropriate.

---

not decide whether the Government's position in this case "was substantially justified" or whether "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Cruz v. Comm'r of Soc. Sec., 630 F.3d 321, 324-25 (3d Cir. 2010). Instead, we exercise our discretion to award costs to the prevailing party. Molinero is a "prevailing party" despite the Government's consent to a limited remand because he has prevailed both on his petition for review and on his argument regarding the proper scope of remand, and thus has obtained what he sought over the Government's opposition. See Johnson v. Gonzales, 416 F.3d 205, 209-10 (3d Cir. 2005) (holding that petitioner who obtains a remand to the BIA is a "prevailing party" under 28 U.S.C. § 2412(d)(1)(A)).

10

III.

For the foregoing reasons, we will vacate the BIA's order of removal and remand for the BIA to remand for the IJ to hold a new hearing after complying with his obligations under 8 C.F.R. § 1240.10(a)(2) and (3). We will also tax costs against the Government. Molinero's motion for leave to file a sur-reply to the Government's motion to remand is granted. The parties' other motions are denied.[6]

---

[6] We note our formal appreciation for the services of Molinero's appointed counsel.