**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3764

_____

MARGARET P. TOURTELLOTTE; KARLA KREIGER;
ASHLEY C. HISER; ANA V. REYES; JENNIFER A. KOVER,

v.

ELI LILLY AND COMPANY; TIMOTHY ROWLAND


Eli Lilly and Company,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-00774)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2016

Before:  MCKEE, *Chief Judge*, FUENTES, and ROTH, *Circuit Judges*

(Opinion Filed:  August 26, 2016)

_____

OPINION*

_____


_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, *Circuit Judge*:

Eli Lilly ("Lilly") appeals the District Court's decision to relieve Plaintiff, Ana V. Reyes, from costs of litigation that took place between the parties in 2014. For the reasons below, we will affirm the judgment of the District Court.

## I. Background[1]

Reyes, along with several other plaintiffs, filed employment discrimination actions against Lilly in a Philadelphia state court. Lilly removed the case to the United States District Court for the Eastern District of Pennsylvania. After the completion of discovery, Lilly moved for summary judgment.

The District Court granted summary judgment in favor of Lilly on all claims, except for Reyes' retaliatory discharge claim under Title VII of the Civil Rights Act of 1964. After a trial, a jury returned a verdict in favor of Lilly on that sole claim. Lilly thereafter filed a Bill of Costs in the amount of $37,096. In response, Reyes filed a Motion for Relief from Costs before the District Court. The Court ordered Reyes to provide evidence in support of her motion. Reyes provided a notice from Freddie Mac stating that her home was subject to foreclosure.[2] She also provided a petition for Chapter 7 bankruptcy that she had filed in United States Bankruptcy Court for the Eastern District of Pennsylvania.[3]

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). We have jurisdiction under 28 U.S.C. § 1291.

[2] (Lilly Ex. A.)

[3] (Lilly Ex. B.)

After reviewing the evidence, the District Court granted Reyes' motion for relief from costs, concluding that, contrary to Lilly's contention, Reyes' claims were brought in good faith and that she was unable to afford costs associated with litigation because of her financial hardships. Lilly's unopposed appeal from the District's Court's order followed.

## II. Discussion

We review a District Court's decision to waive a party's costs for abuse of discretion.[4] This standard dictates that a trial court's decision on costs will not be reversed unless it "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." [5]

Generally, the losing party in a litigation dispute bears the burden of paying the costs of the prevailing party.[6] In certain circumstances, however, a court may decide to waive those costs.[7] A district court can waive costs, for example, if the losing party makes a showing that an award is inequitable under the circumstances.[8] One of the

---

[4] *See Cruz v. Comm'r of Soc. Sec.* 630 F.3d 321, 325-26 (3d Cir. 2010).

[5] *Id.* at 324 (internal quotation omitted).

[6] Fed. R. Civ. P. 54(d)(1).

[7] *See id.*

[8] *In re Pailoi R.R. Yard PCB Litig.*, 221 F.3d 449, 462-63 (3d Cir. 2000).

3

circumstances that a district court may consider is the losing party's potential indigency or inability to pay a full measure of a cost award levied against them.[9]

Here, Lilly contends that Reyes was gainfully employed from 2011-2013, as demonstrated by her federal tax returns, and that Reyes continued to work at the time that she filed her motion for waiver of costs. In response, however, Reyes presented evidence that showed she suffered from significant financial hardship at the time the motion was filed, demonstrating her inability to pay costs. The District Court considered the evidence and determined that Reyes was unable to pay the $37,096 sought by Lilly.

We have reviewed the record and the arguments presented by Lilly and conclude that the District Court did not abuse its discretion by granting Reyes' motion for relief from costs. We further agree with the District Court's finding that Reyes brought her lawsuit in good faith and thus it would be inequitable to compel her to pay costs. For these and substantially the same reasons set forth in the record, we will affirm the judgment of the District Court.

---

[9] *Id.* at 468.